

# THE ATTORNEY GENERAL
## OF TEXAS

June 30, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. Lyndon L. Olson, Jr.  
Chairman  
State Board of Insurance  
1110 San Jacinto Boulevard  
Austin, Texas    78701

Opinion No.   JM-734

Re: Whether an insurance carrier may consider completion of a defensive driving course under article 6701d, section 143A, V.T.C.S.

Dear Mr. Olson:

You ask several questions about the practice engaged in by some insurance companies of considering the completion of a defensive driving course as the equivalent of a conviction of certain misdemeanor offenses under article 6701d, V.T.C.S., the Uniform Act Regulating Traffic on Highways. Your questions are:

> 1. Does article 6701d, section 143A, prohibit insurers from considering completion of a defensive driving course for underwriting purposes or does it merely prohibit the charge from being considered by a court in assessing punishment for subsequent traffic citations?

> 2. If the statute prohibits the consideration of completion of a defensive driving course for underwriting purposes, would an insurer's consideration of such completion violate the Deceptive Trade Practices – Consumer Protection Act, Business and Commerce Code section 17.46 and thereby allow enforcement by the State Board of Insurance under article 21.21, section 7 of the Insurance Code? If not, would such an act violate other Insurance Code provisions?

You advise that various insurance companies charge increased insurance prices when an insured or a person seeking insurance takes a defensive driving course in exchange for dismissal of a traffic citation under section 143A of article 6701d.

Section 143A of article 6701d, V.T.C.S., provides:

(a) When a person is charged with a misdemeanor offense under this Act, other than a violation of Section 51, committed while operating a motor vehicle, the court:

(1) in its discretion may defer proceedings and allow the person 90 days to present evidence that, subsequent to the alleged act, the person has successfully completed a defensive driver's course approved by the Texas Department of Public Safety or other driving safety course approved by the court; or

(2) shall defer proceedings and allow the person 90 days to present written evidence that, subsequent to the alleged act, the person has successfully completed a defensive driver's course approved by the Texas Department of Public Safety or another driving safety course approved by the court, if:

(A) the person presents to the court an oral request or written motion to take a course;

(B) the person has a valid Texas driver's license or permit; and

(C) the person's driving record as maintained by the Texas Department of Public Safety does not indicate successful completion of a driving safety course under this subdivision within the two years immediately preceding the date of the alleged offense.

(b) When the person complies with the provisions of Subsection (a) of this section and the evidence presented is accepted by the court, the court shall dismiss the charge.

When a charge is dismissed under this section, the charge may not be part of the person's driving record or used for any purpose, but the court shall report the fact that a person has successfully completed a driving safety course and the date of completion to the Texas Department of Public Safety for inclusion in the person's driving record. The court shall note in its report whether the course was taken under the procedure provided by Subdivision (2) of Subsection (a) of this section for the purpose of

> providing information necessary to determine
> eligibility to take a subsequent course under that
> subdivision.   (Emphasis added).

Resolution of your first question depends on whether the underscored language in section 143A applies to insurance companies. It has been suggested that the directive that "the charge may not be part of the person's driving record or used for any purpose" applies only to the courts. This language, however, is broad and is not, by its terms, limited to the courts. Because the prohibition is somewhat ambiguous, its scope depends on the legislative intent behind the phrase in question and behind the whole of section 143A.

Legislative intent is derived from a general review of an entire enactment as well as from an examination of the circumstances existing at the time of enactment, any "evil" to be corrected by the statute, and the purpose to be accomplished by the statute. The legislature added section 143A to article 6701d in 1975. Acts 1975, 64th Leg., ch. 738, at 2406. As originally enacted, the provision applied only when the courts exercised their discretion to apply it. In 1979, the legislature amended section 143A to require the courts to apply the section to defendants who comply with the three requirements set forth in subsections (a)(2)(A), (B), and (C) of section 143A. Acts 1979, 66th Leg., ch. 610, at 1359; see Attorney General Opinion MW-428 (1982). The bill analysis to this amendment notes that

> [e]ven though [section 143A] is advantageous to
> people in that it gives them an alternative to
> traffic fines and raised insurance rates, the law
> is only applicable to those persons whom the court
> chooses to allow the benefit.   (Emphasis added).

This language indicates that one of the primary purposes for the alternative provided by section 143A is to prevent an increase of insurance premiums.

It is significant that the bill also amended subsection (f) of section 21 of article 6687b, V.T.C.S., the statute governing the department's jurisdiction over Texas drivers' licenses, to provide that the department may not release the reasons for the completion of a driving safety course. The department may only release this information to the courts for the purpose of determining eligibility to take a subsequent course under section 143A. The fact that the legislature restricted the access of all persons except the courts to the information indicates that the legislature intended the prohibition to apply broadly. Consequently, section 143A prohibits insurers from considering a charge that is dismissed pursuant to section 143A as part of a person's driving record and from using the dismissal of the charge for "any purpose."

You also ask whether, if section 143A prohibits the consideration of the completion of a defensive driving course under section 143A for insurance purposes, such consideration violates the Texas Deceptive Trade Practices - Consumer Protection Act, Business and Commerce Code section 17.46, thereby allowing the board to prohibit the conduct under article 21.21, section 7, of the Insurance Code. Section 7 authorizes the board to issue a cease and desist order against persons found, after a board hearing, to have violated the unfair competition/deceptive acts provisions of the Insurance Code or the Deceptive Trade Practices - Consumer Protection Act. It should be noted that the board does not hold the exclusive means to regulate the legality of insurance practices. See Attorney General of Texas v. Allstate Insurance Company, 687 S.W.2d 803 (Tex. App. - Dallas 1985, writ ref'd n.r.e.). Additionally, section 16 of article 21.21 of the Insurance Code creates a private cause of action for treble damages for injury from unfair or deceptive insurance practices (1) prohibited in section 4 of article 21.21, or (2) rules lawfully adopted by the Insurance Board under article 21.21, or (3) described in the Deceptive Trade Practices - Consumer Protection Act as unlawful. See Royal Globe Insurance Company v. Bar Consultants, Inc., 577 S.W.2d 688, 691 (Tex. 1979).

Subsection (b)(12) of section 17.46 of the Business and Commerce Code, the Deceptive Trade Practices Act, provides that the term "false, misleading, or deceptive acts or practices includes . . . representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law." (Emphasis added). As indicated, section 143A of article 6701d, V.T.C.S., prohibits insurers from considering the completion of a defensive driving course under section 143A as part of a person's driving record or for any other purpose. Consequently, the practice could fall within at least one express prohibition of the Deceptive Trade Practices - Consumer Protection Act. A violation of the act necessarily depends on the facts in each case. See Royal Globe Insurance Co. v. Bar Consultants, Inc., supra; Attorney General Opinion JM-218 (1984).

Your final question is whether, if the practice in question does not violate the Deceptive Trade Practices - Consumer Protection Act, the practice violates other Insurance Code provisions. Because your question is premised on a negative response to your inquiry about the Deceptive Trade Practices - Consumer Protection Act, it is not necessary to address it in full in this opinion. You should be aware, however, that a number of Insurance Code provisions are implicated. For example, article 5.09 of the code prohibits distinctions or discrimination between insureds having like hazards. See also Ins. Code art. 21.21, §4(7). Considering the completion of a defensive driving course as the equivalent of a conviction for insurance purposes raises discrimination questions.

Moreover, article 5.01-1 of the Insurance Code provides:

> A rating plan promulgated by the State Board of Insurance respecting the writing of motor vehicle insurance, other than insurance written pursuant to Section 35 [assigned risk plans] of the Texas Motor Vehicle Safety-Responsibility Act (Article 6701h, Vernon's Texas Civil Statutes), <u>may not assign any rate consequence to a charge or conviction, or otherwise cause premiums for motor vehicle insurance to be increased because of a charge or conviction for a violation of the Uniform Act Regulating Traffic on Highways</u>, as amended (article 6701d, Vernon's Texas Civil Statutes). (Emphasis added).

A full discussion of these provisions is beyond the scope of your opinion request.

## S U M M A R Y

Section 143A of article 6701d, V.T.C.S., the Uniform Act Regulating Traffic on Highways, prohibits insurers from considering the completion of a defensive driving course under section 143A for the dismissal of a traffic citation as part of a person's driving record for insurance purposes. Subsection (b)(12) of section 17.46 of the Texas Business and Commerce Code (the Deceptive Trade Practices - Consumer Protection Act) defines as unlawful an agreement that "confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law." Consequently, because consideration of a defensive driving course is prohibited by section 143A of article 6701d, V.T.C.S., it is prohibited by subsection (b)(12) of section 17.46 of the Business and Commerce Code. Additionally, considering the completion of a defensive driving course under section 143A as the equivalent of a conviction for insurance purposes raises discrimination questions which implicate other provisions of the Insurance Code.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General